Shanon J. Carson (will apply *pro hac vice*)
Camille Fundora Rodriguez (will apply *pro hac vice*)
Daniel F. Thornton (will apply *pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620
scarson@bm.net
crodriguez@bm.net
dthornton@bm.net

Daniel L. Bonnett #014127
Jennifer Kroll #019859
Martin & Bonnett, P.L.L.C.
4647 N. 32nd. Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900
Facsimile: (602) 240-2345
dbonnett@martinbonnett.com
jkroll@martinbonnett.com
*Attorneys for Plaintiff and the Proposed Collective*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Howard, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>Living Well Homes LLP, Living Well Homes LP, Living Well Homes II LP, Living Well Homes III LP, Living Well Homes IV LP, Living Well Homes GP Inc., Living Well Homes GP II Inc., Living Well Homes GP III Inc., Living Well Homes GP IV Inc., and John Does 1-10,<br><br>    Defendants. | Case No.:<br><br>COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

## **COLLECTIVE ACTION COMPLAINT**

Plaintiff Phillip Howard ("Plaintiff" or "Howard"), on behalf of himself and all others similarly situated, files this Collective Action Complaint ("Complaint") against Defendants Living Well Homes LLLP, Living Well Homes LP, Living Well Homes II LP, Living Well Homes III LP, Living Well Homes IV LP, Living Well Homes GP Inc., Living Well Homes GP II Inc., Living Well Homes GP III Inc., Living Well Homes GP IV Inc., and John Does 1-10 (collectively, "Living Well Homes" or "LWH"), seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 to 219.

The following allegations are made on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## **INTRODUCTION**

1. Living Well Homes is an Arizona-based enterprise that maintains and operates numerous apartment complexes throughout Arizona, New Mexico, North Carolina, South Carolina, and Missouri.

2. Living Well Homes employs hundreds of non-exempt hourly employees, such as Plaintiff and members of the proposed Collective, to carry out the day-to-day operations of its properties.

3. This case is about LWH's knowing and willful failure to pay its hourly employees for all hours worked, including overtime, as required by the FLSA.

## **JURISDICTION AND VENUE**

4. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is this Court is proper pursuant to 28 U.S.C. § 1391, as Living Well Homes resides and conducts business in this judicial district.

## **PARTIES**

6. Plaintiff Phillip Howard is an individual residing in Greenville, South Carolina. Howard was employed by Living Well Homes as a Service Manager from June 2021 to August 2021. Pursuant to 29 U.S.C. § 216(b), Howard has consented in writing to

participate in this action. *See* Exhibit A.

7. Living Well Homes operates as a centralized enterprise that maintains and operates approximately thirty (30) apartment complexes across several states. Living Well Homes's principal place of business is in Maricopa County, Arizona.

8. At all times relevant, Living Well Homes employed Plaintiff and continues to employ similarly situated non-exempt employees for purposes of the FLSA.

9. Defendant Living Well Homes LLLP is an Arizona entity that maintains its principal office at 13475 North 87th Drive, Peoria, Arizona 85381.

10. Defendant Living Well Homes LP is a Delaware entity that maintains its principal office at 13610 North 51st Avenue, Glendale, Arizona 85304.

11. Defendant Living Well Homes II LP is a Delaware entity that maintains its principal office at 13610 North 51st Avenue, Glendale, Arizona 85304.

12. Defendant Living Well Homes III LP is a Delaware entity that maintains its principal office at 13610 North 51st Avenue, Glendale, Arizona 85304.

13. Defendant Living Well Homes IV LP is a Delaware entity that maintains its principal office at 13610 North 51st Avenue, Glendale, Arizona 85304.

14. Living Well Homes GP Inc. is an Arizona entity that maintains its principal office at 208 East Baseline Road, Tempe, Arizona 85283.

15. Living Well Homes GP II Inc. is an Arizona entity that maintains its principal office at 208 East Baseline Road, Tempe, Arizona 85283.

16. Living Well Homes GP III Inc. is an Arizona entity that maintains its principal office at 208 East Baseline Road, Tempe, Arizona 85283.

17. Living Well Homes GP IV Inc. is an Arizona entity that maintains its principal office at 208 East Baseline Road, Tempe, Arizona 85283.

18. John Does 1 through 10 are other persons or entities associated with Living Well Homes whose identity is presently unknown.

19. At all times material to this action, LWH has employed individuals engaged in commerce or in the production of goods for commerce or handling, selling, or otherwise

working on goods or materials that have been moved in or produced in commerce by any person, as defined by the FLSA, 29 U.S.C. §§ 206-207.

20. LWH's annual gross volume of sales exceeds $500,000.

## COLLECTIVE DEFINITION

21. Plaintiff brings Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action, individually, and on behalf the following collective:

> All current and former non-exempt hourly employees employed by Living Well Homes in the United States who worked more than forty hours in any workweek during the relevant limitations period and who were not paid overtime at a rate of one-and-one-half times their regular hourly rate for all hours worked over forty per week (the "FLSA Collective").

22. Plaintiff reserves the right to redefine the FLSA Collective prior to notice, and thereafter, as may be warranted or necessary.

## FACTS

### Plaintiff and Other Hourly Employees Are Not Properly Compensated

23. Plaintiff Howard was employed by Living Well Homes as a non-exempt, hourly Service Manager between June 2021 and August 2021.

24. Living Well Homes employed Howard to oversee and maintain The Ivy Apartments, its apartment complex located in Greenville, South Carolina. Throughout his employment, Plaintiff lived on-site.

25. Howard's primary duties as Service Manager were to oversee move-outs, to schedule preventative maintenance work and work conducted by contractors, to maintain the complex's common areas, and to perform certain administrative tasks such as scheduling, bidding, and submitting work proposals.

26. Howard was regularly scheduled to work five days per week.

27. Howard was regularly scheduled to work from 8:00 a.m. to 5:00 p.m. on each weekday.

28. Although his shifts were scheduled for eight hours per day, all of the work-

related activities that Howard was required to and did perform routinely took twelve (12) or more hours per day to complete.

29. Howard routinely worked from 7:00 a.m. to 7:30 p.m., including a thirty (30) minute meal break, on each weekday.

30. Furthermore, Howard's pool maintenance work, administrative tasks, and other duties required him to work an additional four to six hours each weekend.

31. Howard sometimes worked up to seven days per week.

32. Howard often worked sixty or more hours per week.

33. Living Well Homes was aware or should have been aware that Howard regularly worked over forty hours per week and was entitled to compensation, including lawful overtime premiums, for all hours worked.

34. Living Well Homes failed to pay Howard one-and-one-half times his regular rate for all hours worked in excess of forty per workweek.

35. Living Well Homes did not pay Howard or other hourly employees for all hours worked.

36. Living Well Homes did not pay Howard or other hourly employees for all hours worked in excess of forty per workweek and did not pay proper overtime premiums.

37. Living Well Homes did not accurately track and record all of the hours worked by Howard and other hourly employees and, therefore, failed to compensate Howard and the FLSA Collective members at one-and-one-half times the regular rate of pay for hours worked over forty in a workweek.

38. For example, during the first few weeks of Howard's employment with Living Well Homes, he submitted the actual number of hours he worked, including approximately twenty hours of overtime, on his timesheet. After doing so, Howard was informed by his manager that such amounts of overtime could not be submitted on his timesheet and would not be approved.

39. On another occasion, Howard attempted to claim seven to eight hours of overtime worked on his timesheet. However, Living Well Homes's accounting team

1 rejected Howard's timesheet and informed him that his overtime hours had not been "pre-approved" and would thus not be paid.

40. Despite routinely working sixty to sixty-five hours per week throughout his employment with Living Well Homes, Howard was only ever compensated for thirty-eight to forty-seven hours for each weekly period.

41. Howard observed that other hourly employees were subject to the same pay practices that he experienced. Living Well Homes was not only aware of and permitted these practices, but was also aware that the work responsibilities and conditions that it imposed on its hourly employees required them to work overtime on a weekly basis.

42. In particular, Howard observed that, when other hourly employees attempted to submit overtime hours, LWH's Property Manager refused to allow timesheets with overtime hours to be submitted, thus depriving these employees of any compensation for their overtime hours.

43. Howard and other hourly employees were not paid for all hours worked and were not paid overtime, in violation of federal law.

### Living Well Homes Willfully Violated the FLSA

44. Living Well Homes's actions in violation of the FLSA were or are made willfully in an effort to avoid liability under the FLSA. Such willfulness is demonstrated by, or may be reasonably inferred from, Living Well Homes's actions and failures to act.

45. Despite Howard's numerous attempts to accurately record the hours that he in fact worked, Living Well Homes knowingly, or with reckless disregard, failed to make, keep, and preserve accurate records with respect to Howard and other members of the FLSA Collective sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by federal law. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

46. Even though the FLSA requires overtime premium compensation for hours

5

worked over forty hours per week, Living Well Homes does not pay its hourly employees, such as Howard, proper overtime compensation for overtime hours worked.

47. Living Well Homes knew, or absent its own recklessness should have known, that its hourly employees were entitled to such overtime premiums.

48. Living Well Homes failed to pay Howard and other hourly employees all overtime compensation owed.

49. By failing to pay all the overtime compensation owed to Howard and other hourly employees, Living Well Homes acted willfully and in reckless disregard of clearly applicable FLSA provisions.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

50. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

51. Plaintiff desires to pursue his FLSA claim on behalf of any and all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

52. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, among other things, all such individuals worked pursuant to Living Well Homes's previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, inter alia, Living Well Homes's compensation, timekeeping, and payroll practices.

53. Specifically, Living Well Homes failed to pay overtime at one-and-one-half times the employee's regular rate as required by the FLSA for hours worked in excess of forty per workweek.

54. The similarly situated employees are known to Living Well Homes, are readily identifiable, and may be located through Living Well Homes's business records and the records of any payroll companies that Living Well Homes uses.

55. Living Well Homes employs many FLSA Collective Members throughout the

United States. These similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages (or, alternatively, interest), and attorney's fees and costs under the FLSA.

**COUNT I**
**Violation of the FLSA**
**(On Behalf of Plaintiff and the FLSA Collective)**

56. All previous paragraphs are incorporated as though fully set forth herein.

57. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per workweek at a rate not less than one-and-one-half times the employee's regular rate. *See* 29 U.S.C. § 207(a)(1).

58. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e).

59. The Supreme Court has observed that the term "regular rate" "obviously means the hourly rate actually paid the employee for the normal, non-overtime workweek." *Bay Ridge v. Operating Co. v. Aaron*, 334 U.S. 446, 460 (1948) (quoting *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 40 (1944)).

60. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108.

61. Living Well Homes is subject to the wage requirements of the FLSA because it is an "employer" within the meaning of 29 U.S.C. § 203(d).

62. During all relevant times, the members of the FLSA Collective, including Plaintiff, were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

63. Plaintiff and the FLSA Collective are not exempt employees for purposes of the requirements of the FLSA.

64. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

65. Living Well Homes's compensation scheme applicable to Plaintiff and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

66. Living Well Homes knowingly failed to compensate Plaintiff and the FLSA Collective at a rate of one-and-one-half times their regular hourly wage for hours worked in excess of forty hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

67. Living Well Homes also knowingly failed to create, keep, and preserve records with respect to work performed by Plaintiff and the FLSA Collective sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA, 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), and 516.2(c).

68. In violating the FLSA, Living Well Homes acted willfully and with reckless disregard of clearly applicable FLSA provisions.

69. Pursuant 29 U.S.C. § 216(b), employers, such as Living Well Homes, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the unpaid wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

c. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

    d.    Liquidated damages to the fullest extent permitted under the law;

    e.    Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law; and

    f.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: January 26, 2022

Respectfully submitted,

By: /s/ Daniel L. Bonnett
Daniel L. Bonnett
Jennifer Kroll
MARTIN & BONNETT, P.L.L.C.
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900


Shanon J. Carson*
Camille Fundora Rodriguez*
Daniel F. Thornton*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000

*Attorneys for the Plaintiff and the Proposed Collective*

**pro hac vice* application forthcoming

9